LEVY *v.* BACKER *et al.*

*(Common Pleas of New York City and County, Additional General Term.* June 1, 1891.)

1. JUDGMENT—RES ADJUDICATA—JUDGMENT ROLL—EVIDENCE.
    In an action to recover money paid out for defendants' use, defendants offered in evidence the judgment roll in an action by plaintiff, alleged to have been for the same cause of action, but expressly stated that they did not offer such judgment in evidence. *Held,* that defendants failed to show by production of the judgment

roll that there was anything more than an action pending, which was no bar to the prosecution of the second suit.

2. SAME—IDENTITY OF CAUSE OF ACTION—WEIGHT OF EVIDENCE.

Plaintiff brought an action to recover $250, and the complaint stated it was "for an account stated; services rendered." Two accounts appeared on the trial,—one for services, the other for moneys expended. Plaintiff recovered judgment for $117. In a second action between the same parties, to recover $99.99, moneys paid at the request of defendants, there was evidence to show that the account for moneys so advanced was not included in the first action. *Held*, that it was a mixed question of law and fact whether the claim for moneys expended was litigated in the first action; and, there being evidence to sustain a finding by the justice in the negative, it should be sustained.

Appeal from fifth district court.

Action by Samuel D. Levy against Jacob Backer and another. From a judgment for the plaintiff, defendants appeal.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Sidney H. Stuart*, for appellants.    *Samuel D. Levy, in pro. per.*

BOOKSTAVER, J.    This action was brought by the plaintiff to recover the sum of $99.99, money alleged to have been laid out and expended at the request of appellants.    The answer, among other defenses, interposed as a bar an alleged judgment obtained by the plaintiff against the defendants in the fifth district court, for the same cause of action, for $117.49, on the 13th July, 1887, which had been paid.    On the trial it appeared that the plaintiff, an attorney, had been employed by the defendants in February, 1887, to search the title to premises 247 Second street, in this city.    The plaintiff testified that at the time there was nothing said as to the amount of compensation for his services; that he did the work, made out the original searches, sent in requisitions, etc., and passed the title.    He also testified that while engaged in searching he advanced the money necessary to pay for those searches, upon the distinct and separate understanding that they should be repaid to him at once.    The defendants on the trial of this action offered in evidence the judgment roll in the first action, but expressly said that they did not offer the judgment rendered in that action in evidence.    Consequently they failed to show anything more than that there was an action pending, and did not show that there had been a judgment rendered in that action which would not prevent the trial of this action, or the rendering of a judgment therein.    In other words, the mere pendency of one action is not a bar to the commencement and prosecution to judgment of another.    But if the judgment in that action had been introduced in evidence, it would not have been a bar to this, because upon the trial of the action the plaintiff expressly testified that the bill for moneys advanced for the defendants was not included in that action.    It is true, it was originally brought for the sum of $250, and the complaint states it was for an account stated; services rendered.    This did not necessarily include moneys advanced.    It also appeared on the trial of that action that two separate bills,—one for services, and the other for moneys expended, —were rendered the plaintiff.    It was in dispute whether these bills were upon one paper or not; and whether or not both were included in that action was one of the questions litigated upon this trial.    It was a mixed question of law and fact whether the claim for moneys expended was litigated in the first action, and thus was a bar to this, or not.    There is quite sufficient evidence to sustain the finding of the justice that the bill for moneys advanced was not included in that action, and consequently he was right in the conclusion of law that the former action was not a bar to this; and, under the circumstances, we will not disturb the finding of the court below.    The judgment should therefore be affirmed, with costs.